IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 09-cr-00041-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  VALERIE GIORELLA,

    Defendant.
_____

**ORDER FOR PSYCHIATRIC EXAMINATION
OF THE DEFENDANT**
_____

On February 18, 2009, defendant filed a Motion for Determination of Mental Competency [Docket No. 11] and a Notice of Insanity Defense and Notice of Expert Evidence of Mental Condition [Docket No. 12]. On February 24, 2009, the government filed its Motion for Psychiatric or Psychological Evaluation [Docket No. 14] requesting that the defendant be examined pursuant to Rule 12.2(c)(1)(B) and 18 U.S.C. § 4242(a).

At a hearing on April 1, 2009, the Court found that there was reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. *See* 18 U.S.C. § 4241(a).

Section 4242(a) of Title 18 states, "[u]pon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely

on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted . . . ."  Therefore, it is

ORDERED that, pursuant to 18 U.S.C. §§ 4241(a), 4242(a) and 4247(b), defendant is committed to the custody of the Attorney General for placement in a suitable facility for a reasonable time not to exceed forty-five days for psychiatric and/or psychological examination.  It is further

ORDERED that the examiner designated to conduct the psychiatric and/or psychological examination of the defendant shall prepare a report that includes the following pursuant to 18 U.S.C. § 4247(c):

1.  The defendant's history and present symptoms;

2.  A description of the psychiatric, psychological and medical tests that were employed and the results;

3.  The examiner's findings;

4.  The examiner's opinion as to diagnosis and prognosis;

5.  Whether the defendant was insane at the time of the offense charged; and

6.  Whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.
It is further

ORDERED that the director of the facility where such examination is conducted shall file copies of the report with the Court on or before May 18, 2009 and provide copies to counsel for the government and the defendant.

DATED April 2, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge