IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 09-cr-00041-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. VALERIE GIORELLA,

    Defendant.

_____

**ORDER FOR RESTORATION OF COMPETENCY
OF THE DEFENDANT**

_____

On September 9, 2009, the Court held a status conference in this case after having received the Forensic Evaluation from the Metropolitan Detention Center of the Federal Bureau of Prisons dated August 26, 2009. The Metropolitan Detention Center submitted the Forensic Evaluation pursuant to the Court's Order of April 2, 2009 committing defendant Valerie Giorella to the custody of the Attorney General for psychiatric and/or psychological examination pursuant to 18 U.S.C. §§ 4241(a), 4242(a) and 4247(b). The Forensic Evaluation notes that Ms. Giorella refused to cooperate in the examination.

Based upon the evaluators' review of prior psychological and psychiatric assessments of Ms. Giorella, their observations of her at the Metropolitan Detention Center, and their review of other background materials, the Forensic Evaluation noted that "[w]ith regard to her ability to properly assist counsel in her defense, she is significantly impaired in her ability to effectively communicate, and is likely to engage in

counterproductive legal strategies against the advice of her attorney." The Forensic Evaluation further concluded that "Ms. Giorella displayed signs of a major mental disorder, which impairs her ability to understand the nature and consequences of the court proceedings against her . . . ." On the issue of sanity, the Forensic Evaluation concluded that "it is believed the defendant suffered from an underlying mental disorder that rendered her unable to appreciate the nature, quality or wrongfulness of her actions during the time period of the alleged offense," but, due to her lack of cooperation, the Forensic Evaluation noted that "the issue of responsibility would be best addressed again subsequent to her receiving appropriate treatment for her mental disorder." The Forensic Evaluation recommended that Ms. Giorella be transferred to a federal medical center for further evaluation of her mental condition, which "would allow a longer observation period and stabilization of mental functioning with court ordered treatment, medication and psychosocial rehabilitation, for restoration of competency."

At the September 9, 2009 hearing, counsel for both parties agreed that the Forensic Evaluation provided an adequate basis for the Court to commit Ms. Giorella to the custody of the Attorney General for treatment pursuant to 18 U.S.C. § 4241(d)(1). The Court agrees and finds by a preponderance of the evidence that Ms. Giorella is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. *See* 18 U.S.C. § 4241(d). Therefore, it is

ORDERED that, pursuant to 18 U.S.C. §§ 4241(d)(1), 4242(a) and 4247(b), defendant is committed to the custody of the Attorney General for placement in a

suitable facility for a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial possibility that in the foreseeable future defendant Valerie Giorella will attain the capacity to permit the proceedings to go forward.  It is further

ORDERED that the examiner designated to conduct the psychiatric and/or psychological examination and treatment of the defendant shall prepare a report that includes the following pursuant to 18 U.S.C. § 4247(c):

1.  The defendant's history and present symptoms;

2.  A description of the psychiatric, psychological and medical tests that were employed and the results;

3.  The examiner's findings;

4.  The examiner's opinion as to diagnosis and prognosis;

5.  Whether the defendant was insane at the time of the offense charged; and

6.  Whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense and whether there is a substantial possibility that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward.  It is further

ORDERED that the director of the facility where such examination and treatment is conducted shall file copies of the report with the Court on or before January 11, 2010 and provide copies to counsel for the government and the defendant.

DATED September 10, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge