IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 09-cr-00041-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  VALERIE GIORELLA,

    Defendant.

---

**ORDER RE BUREAU OF PRISONS' REQUEST FOR ADDITIONAL TIME**

---

This matter comes before the Court on the request of the warden of the Federal Medical Center, Carswell ("FMC Carswell") for an extension of time to complete the Bureau of Prisons' evaluation of the defendant pursuant to the Court's September 10, 2009 Order. On November 3, 2009, the Court directed the parties to indicate whether they opposed the warden's request. The government indicated that it does not oppose the request [Docket No. 38]; defendant indicated that she opposes the request [Docket No. 39].

**A. Background**

On February 18, 2009, counsel for the defendant filed a Motion for Determination of Mental Competency [Docket No. 11]. On the same date, defendant filed her Notice of an Insanity Defense and Notice of Expert Evidence of Mental Condition [Docket No. 12]. In response to the notice of insanity defense, the government filed a motion for psychiatric or psychological evaluation [Docket No. 14]. The Court held a hearing on

these motions on April 1, 2009, at which time it found that there was reasonable cause to believe that the defendant was incompetent.  On April 2, 2009, the Court ordered the defendant to be committed to the custody of the Attorney General pursuant to 18 U.S.C. §§ 4241(d), 4242(a), and 4247(b) to determine whether she was competent and whether she was insane at the time of the alleged crime.  The Bureau of Prisons sent Ms. Giorella to the Metropolitan Detention Center in Los Angeles, California for this evaluation.

On September 9, 2009, the Court held a status conference in this case after having received a Forensic Evaluation from the Metropolitan Detention Center dated August 26, 2009.  The Forensic Evaluation notes that Ms. Giorella refused to cooperate in the examination.  Based upon the evaluators' review of prior psychological and psychiatric assessments of Ms. Giorella, their observations of her at the Metropolitan Detention Center, and their review of other background materials, the Forensic Evaluation noted that "[w]ith regard to her ability to properly assist counsel in her defense, she is significantly impaired in her ability to effectively communicate, and is likely to engage in counterproductive legal strategies against the advice of her attorney."  The Forensic Evaluation further concluded that "Ms. Giorella displayed signs of a major mental disorder, which impairs her ability to understand the nature and consequences of the court proceedings against her . . . ."  On the issue of sanity, the Forensic Evaluation concluded that "it is believed the defendant suffered from an underlying mental disorder that rendered her unable to appreciate the nature, quality or wrongfulness of her actions during the time period of the alleged offense," but, due to her lack of cooperation, the Forensic Evaluation noted that "the issue of responsibility

would be best addressed again subsequent to her receiving appropriate treatment for her mental disorder." The Forensic Evaluation recommended that Ms. Giorella be transferred to a federal medical center for further evaluation of her mental condition, which "would allow a longer observation period and stabilization of mental functioning with court ordered treatment, medication and psychosocial rehabilitation, for restoration of competency."

At the September 9, 2009 hearing, counsel for both parties agreed that the Forensic Evaluation provided an adequate basis for the Court to commit Ms. Giorella to the custody of the Attorney General for treatment pursuant to 18 U.S.C. § 4241(d)(1). The Court found by a preponderance of the evidence that Ms. Giorella was presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. *See* 18 U.S.C. § 4241(d). By order dated September 10, 2009 [Docket No. 30], the Court committed Ms. Giorella to the custody of the Attorney General for placement in a suitable facility for a reasonable time, "not to exceed four months, as is necessary to determine where there is a substantial possibility that in the foreseeable future" she would attain the capacity to permit the proceedings to go forward. The Court further ordered that the director of such facility file a report with the Court on or before January 11, 2010.

By letter dated October 28, 2009, the warden of FMC Carswell sent a letter to the Court indicating that Ms. Giorella did not arrive at FMC Carswell until October 16, 2009. The letter requests, "in order to do a more thorough evaluation," that FMC Carswell have the full four-month period under 18 U.S.C. § 4241(d) to file its evaluation

3

with the Court.  In other words, the warden asks that the Court run the four-month period in § 4241(d)(1) from the date that FMC Carswell received the defendant (i.e. October 16, 2009) as opposed to when the Court ordered her committed for purposes of restoring her to competency (i.e. September 10, 2009).

### B.  When the Four-Month Evaluation Period Begins

The warden's request for additional time raises the issue of when the four-month period under § 4241(d)(1) begins to run.  After a Court determines that a defendant is incompetent and commits him to the custody of the Attorney General, the "Attorney General shall *hospitalize* the defendant for treatment in a suitable facility – (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  18 U.S.C. § 4241(d)(1) (emphasis added).  This language has been construed to authorize a four-month period of custodial hospitalization, as opposed to imposing a four-month limitation on the amount of time that the BOP has to complete its evaluation after a court order regarding restoration.  *See United States v. Magassouba*, 544 F.3d 387, 410 (2d Cir. 2008) (calculating four-month period from date defendant arrived at FMC Butner).  Thus, in this case, the four-month period for restoration of competency began on October 16, 2009, when Ms. Giorella arrived at FMC Carswell.  Because the additional time requested by the warden falls within the initial four-month period, the Court is not required, in order to grant this request, to make a finding that there is a substantial

probability that the defendant will be restored within the additional time requested by the warden.  *See* 18 U.S.C. § 4241(d)(2)(A).

The warden makes her request for additional time "in order to do a more thorough evaluation."  The Court finds this request is reasonable.  As noted in *Magassouba*, "[n]o one's interests – not the parties', not the court's, and not the public's – are well served by encouraging undue haste in § 4241(d)(1) evaluations."  544 F.3d at 408.  This is especially true in this case where, partly as a result of Ms. Giorella's lack of cooperation, the evaluators at the Metropolitan Detention Center were not able to complete a "comprehensive competency evaluation" and recommended that she be transferred to a federal medical center in order to allow "a longer observation period and stabilization of mental functioning with court ordered treatment, medication and psychosocial rehabilitation, for restoration of competency."  Therefore, the warden's request is granted and it is

ORDERED that the Court's Order of September 10, 2009 is modified to allow the director of the facility where the defendant's examination and treatment is conducted to file copies of the report with the Court on or before February 26, 2010.

DATED November 17, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge